# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| The Construction Industry Retirement Fund of Rockford, Illinois, *et al.* | ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 15 CV 50003 |
| v. | ) ) ) | Magistrate Judge Iain D. Johnston |
| Elite Seamless Gutters, Inc., | ) ) | |
| *Defendant.* | ) | |

## REPORT AND RECOMMENDATION

Motion hearing held on December 3, 2015 on Plaintiffs' motion for default judgment (Dkt. 35) against Defendant Elite Seamless Gutters, Inc. pursuant to Federal Rule of Civil Procedure 55(b)(2). The clerk previously entered an order of default against Elite Seamless Gutters on March 19, 2015. Dkt. 15. The Court also entered a turnover order and a rule to show cause based on Elite Seamless Gutters' failure to provide the requested documents to Plaintiffs. In response to the rule to show cause, Sarah French, who is a partner of Elite Seamless Gutters, appeared at two court hearings and eventually provided documents related to an audit to Plaintiffs. Thereafter, Plaintiffs filed the instant motion for default judgment. Elite Seamless Gutters' registered agent/owner and an attorney for the company were served by first-class and certified mail with a copy of the motion for default judgment. Dkts. 35-36. Additionally, the attorney for Elite Seamless Gutters and Sarah French were also served by email. Dkts. 35-36.

Neither Sarah French nor any other representative from Elite Seamless Gutters appeared for the December 3, 2015 motion hearing. Accordingly, it is this Court's Report and Recommendation that judgment be entered against Elite Seamless Gutters, Inc. in the amount of $5,844.72. The judgment is comprised of $1,534.72 in unpaid contributions, audit fees, and liquidated damages under the terms of the parties' Collective Bargaining Agreements, and $3,740 in attorneys' fees and $570 in costs, again under the terms of the agreements, which the Court finds to have been reasonably incurred at a reasonable rate. Any objection to this Report and Recommendation must be filed by December 22, 2015. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Dated: December 4, 2015                    /s/ Iain D. Johnston
                                           United States Magistrate Judge